UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC LA'QUAN POWELL, | ) | CASE NO. 4:25-CV-00907 |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| WARDEN D. FENDER, | ) | **OPINION AND ORDER** |
| Respondent. | ) | |

On May 6, 2025, *pro se* Petitioner Eric La'Quan Powell ("Petitioner" or "Powell") filed this Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. 1.) He asserts: (1) the federal government lacks subject matter jurisdiction to prosecute him because the charges stem from local conduct; (2) extensive pretrial delays violate his right to a speedy trial; (3) he experienced selective prosecution because other individuals accused of street-level drug offenses are prosecuted in state court rather than federal court; and (4) the jail conditions in pretrial detention violate his Fifth and Eighth Amendments. (*Id.* at 6-8.)[1] On July 8, 2025, two months after he filed this Petition, a jury found Petitioner guilty of Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, Distribution of Fentanyl, Distribution of Cocaine, Distribution of Fentanyl, and Using or Maintaining a Drug Premises. His sentencing is set for October 15, 2025.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, if this Court determines the Petition fails to establish adequate grounds for relief, the Court may dismiss the Petition at any time or make any such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under § 2243).

At the time Petitioner filed this Petition, he was a federal pretrial detainee. Although §2241 establishes jurisdiction in the federal courts to consider pretrial Habeas Corpus Petitions, courts should abstain from the exercise of that jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits or by other procedures available to the Petitioner. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Petitioner has not shown he has exhausted remedies available to him prior to trial, at his trial, or in a timely appeal to the Sixth Circuit. On July 8, 2025, a jury convicted him. Petitioner is still awaiting sentencing. After that occurs, he may file an appeal of his conviction or file appropriate post-judgment motions to assert the claims in this Petition. This Petition cannot be granted. *See United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979).

Moreover, because Petitioner is now a convicted prisoner rather than a pretrial detainee,

he cannot file a §2241 petition to challenge his conviction or sentence after he exhausts his remedies. A federal prisoner must challenge the legality of his conviction or sentence by filing a Post-Conviction Motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may use a §2241 petition only to challenge the way a sentence is executed, not the validity of the sentence itself. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).

For the reasons stated herein, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED, and this action is DISMISSED pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** July 24, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE